UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN BRADY,

       Plaintiff,

  -against-

                                                         CV 06-5576

COUNTY OF SUFFOLK, RICHARD DORMER,      (JFB)(WDW)
HENRY MULLIGAN, THOMAS PALMIERI and
MICHAEL MURPHY, in their individual
and official capacities.

       Defendants.
-------------------------------------------------------------X

_____

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY AND
IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**
_____

                                     CHRISTINE MALAFI
                                     Suffolk County Attorney
                                     Attorney for the Defendants
                                     H. Lee Dennison Building
                                     100 Veterans Memorial Highway
                                     P.O. Box 6100
                                     Hauppauge, New York 11788-0099

      By:    Christopher M. Gatto
              Assistant County Attorney

## PRELIMINARY STATEMENT

Defendants, County of Suffolk, Richard Dormer, Henry Mulligan, Thomas Palmieri and Michael Murphy, respectfully submit this memorandum of law in reply and in further support of their motion for summary judgment in favor of defendants.

## STATEMENT OF THE FACTS

In his opposition papers, Plaintiff withdrew his Equal Protection Claim because it is barred by the Supreme Court ruling in Engquist v. Oregon Department of Agriculture, 128 S. Ct. 2146 (2008). Pl. Mem. of Law, p. 1, fn 1.

Plaintiff argues only that there is a genuine issue of material fact as to his First Amendment retaliation claim. Specifically, Plaintiff argues that his statements at a meeting with his supervisors on May 19, 2004 are protected speech under the First Amendment. Although he agrees that "it is my job responsibility to patrol and issue summonses," Pl. Affidavit, ¶ 10, he contends that his statement to his supervisors about his performance of his job is protected speech. Pl. Mem. of Law, p. 14. Plaintiff stated to his supervisors that he felt that the public's safety was at risk due to the lack of traffic enforcement by the police department. He states that he wrote a letter to Police Commissioner Dormer, also dated May 19, 2004, Deft. Ex. "C," expressing the same concerns. He argues that this speech touched on matters of public concern and was not made pursuant to Plaintiff's official job duties. Pl. Mem. of Law, pp. 9- 10.

Plaintiff claims that he was transferred as a result of his protected speech on May 19, 2004. Id. at p. 10. Further, he argues that the timing and sequence of events of Plaintiff's discipline are evidence of a causal connection. Id. at pp. 12- 13.

**POINT I**

**THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM.**

Plaintiff has failed to come forward with specific facts to show that his speech with his supervisors was protected under the First Amendment. As set forth in the County's opening brief, Plaintiff must show that he spoke as a citizen on a matter of public concern pursuant to the Supreme Court ruling Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1951 (2006). Significantly, Plaintiff agrees that it is his job responsibility to patrol and issue summonses, see Pl. Affidavit, ¶ 10. Thus, he did not act as a citizen when he went about making traffic stops and issuing traffic tickets. See Garcetti, supra, at 422. Those are some of the tasks that Plaintiff is "paid to perform." Id. Similarly, Plaintiff did not speak as a citizen when he discussed how he issues traffic tickets for speeders with his supervisors. "The fact that his duties sometimes required him to speak or write does not mean his supervisors were prohibited from evaluating his performance." Id.

Courts in this Circuit have dismissed similar complaints pursuant to Garcetti where the speech was a police officer's statement regarding the dismissal of traffic summonses, see Brewster v. City of Poughkeepsie, 434 F.Supp.2d 155, 157 (S.D.N.Y. 2006); see also Sweeney v. Leone, 2006 WL 2246372 (D. Conn. 2006) (citing Brewster, supra). In Brewster v. City of Poughkeepsie, supra, a police officer stated that certain traffic tickets "should not be dismissed, and emphasized that the individual whose tickets he was directed to dismiss was 'guilty of both violations,' that the 'charged individual

acknowledge traveling more than double the posted speed limit available, clearly violated the provisions of law which prohibited it from crossing a double yellow line.'" Brewster v. City of Poughkeepsie, supra, at 157. Judge McMahon held as follows:

> Like Ceballos' memo expressing his position on the proper disposition of a pending criminal case, Officer Brewster's letters to the Chief and Deputy Chief of Police and to the District Attorney related to his 'daily professional activities.' *Garcetti*, 126 S. Ct. at 1960, 2006 WL 1458026 at * 8, which included determining whether sufficient evidence existed to prosecute pending traffic tickets. Accordingly, Officer Brewster's expressions are not protected speech, and cannot form the basis of a retaliation claim.

Id. at 157; see also Mulcahey v. Mulrenan, 2008 WL 110949 (S.D.N.Y. 2008) (plaintiff firefighter's speech discussing execution of department policy with superior officers not entitled to First Amendment protection).

Here, Plaintiff's discussions with his supervisors and his letter to Commissioner Dormer related to his "daily professional activities," which included patrolling and issuing summonses. Although Plaintiff admits that it is his responsibility to do those things, he argues that his speech to his superiors about how to best carry out those duties, is not his job. Specifically, he states in conclusory fashion that it is "not [his] job duty to speak out regarding Departmental policy deficiencies, nor is it my responsibility to break the chain of command and report issues to the Commissioner." Pl. Aff. ¶ 10. However, in Garcetti, Justice Kennedy emphasized that the inquiry of the scope of an employee's duties is a "practical one." Id. at 424. "Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an

employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes." Id. at 424-425.

Viewing the evidence as a whole, Plaintiff's statements to his supervisors and the Commissioner about how to best enforce the speed limit are not protected speech. Like Ceballos' memo expressing his position on the proper disposition of a pending criminal case, Plaintiff spoke about how best to write traffic tickets, one of the essential tasks that Plaintiff is paid to perform. Plaintiff spoke to his supervisors while in duty, in uniform, and discussed these matters with his supervisors. See Mills v. City of Evansville, 452 F.3d 646 (7th Cir. 2006) (plaintiff police officer's speech who disagreed with chief's decision on how to implement policies to combat crime, was speech pursuant to official duties). Significantly, because the speech related to the Plaintiff's daily professional activities, this is the sort of speech that the plaintiff would be "expected to discuss with his supervisors." See Benvenisti v. City of New York, 2006 WL 2777274 (S.D.N.Y. 2006) (plaintiff's weekly complaints to his supervisors about a fellow employee were made pursuant to official job duties).

If Plaintiff's job duties include patrolling and issuing summonses as he has conceded, it seems only logical that his speaking to his supervisors about those same tasks are part of his job duties. See Garcetti, supra, at 424- 425. As a result, if Plaintiff's supervisors thought Plaintiff's speech about those issues was misguided or inappropriate, they had the authority to take corrective action. In short, "[o]fficial communications have official consequences." Garcetti, supra, at 422. Plaintiff's argument to the contrary is

5

nothing more than a request for "judicial oversight of communications between and among government employees and their superiors in the course of official business," which was rejected in Garcetti, supra, at 423.

Further, Plaintiff's speech is not a matter of public concern. Although the Plaintiff's speech is tangentially related to traffic safety, the Plaintiff's speech primarily concerns his job performance and his supervisor's evaluation of it. Plaintiff admits that he wrote the letter to the Commissioner to avoid discipline. Pl. Mem. of Law, p. 10. Thus, Plaintiff's speech sought to redress his own personal grievances and is therefore not protected by the First Amendment. See Ruotolo v. City of New York, 514 F.3d 184, 189- 190 (2d Cir. 2008); Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775 (2d Cir. 1991). Notably, the relief sought in the complaint is entirely personal in nature to Plaintiff and does not hint at any broader public purpose. See Ruotolo, supra, at 190. In other words, "a public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." Id. Regardless of whether Plaintiff's speech is of a matter of public concern, Plaintiff spoke as an employee, not as a citizen, and his speech is therefore not entitled to First Amendment protection under Garcetti.

Finally, Plaintiff has failed to establish any causal link between his speech and the transfer. The lapse in time between Plaintiff's correspondence to Commissioner Dormer and any alleged retaliation is approximately two (2) years. See Gatto Reply Decl. ¶¶ 7, 8; Pl. Aff. ¶, 5; Pl. Counter-Statement Pursuant to Local Rule 56.1 ¶¶ 18; 32, 36. This is simply too long a gap in time to support a causal link or any retaliatory motive on behalf

6

of the County.  See Burkybile v. Bd. of Educ., 411 F.3d 306, 314 (2d Cir. 2005).  Although Plaintiff claims that there is no "bright line" rule to establish causation, the Second Circuit has definitively held that a gap of one year to fifteen months between protected activity and retaliation is too long to establish causation in a § 1983 claim.  See Figueroa v. Weisenfreund, 255 Fed. Appx. 595 (2d Cir. 2007) (citing Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 554 (2d Cir. 2001) (collecting cases)).  Further, Plaintiff has failed to aver any "tangible proof" that any of his speech—and not his persistent issuance of traffic tickets for only the fastest speeders —animated the County to transfer him.  See Washington v. County of Rockland, 373 F.3d 310, 321 (2d Cir. 2004).  It is irrelevant whether Plaintiff actually received closer supervision upon his transfer because Plaintiff may not rely upon "conclusory assertions of retaliatory motive."  Id.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment should be granted in its entirety.

Dated:  Hauppauge, New York       CHRISTINE MALAFI
        January 30, 2009              Suffolk County Attorney
                                 Attorney for the Defendants
                                 H. Lee Dennison Building
                                 100 Veterans Memorial Highway
                                 P.O. Box 6100
                                 Hauppauge, New York 11788-0099
                                 631-853-4049
                         By:     _____/s/_____
                                 Christopher M. Gatto
                                 Assistant County Attorney